UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

JAMES DAVID McCLAIN,

Petitioner,

v.

ROBERT LeGRAND, et al.,

Respondents.

Case No. 3:14-cv-00269-MMD-VPC

ORDER

Two sets of briefs currently are before the court. First are respondents' motion to dismiss (ECF No. 25), petitioner's opposition (ECF No. 30), and respondents' reply (ECF No. 38). Second are petitioner's motion for evidentiary hearing (ECF No. 32), respondents' opposition (ECF No. 37), and petitioner's reply (ECF No. 39). The Court finds that ground 1 of the amended petition (ECF No. 16) is not exhausted and is procedurally defaulted. Consequently, the Court grants the motion to dismiss in part. The Court's decision on the motion to dismiss makes an evidentiary hearing unnecessary.

Petitioner agreed to plead guilty to two counts of sexual assault on a child under the age of 14. Exh. 7 (ECF No. 17-7). The state district court sentenced him to two consecutive sentences of life imprisonment with a minimum parole eligibility of 35 years. Exh. 10 (ECF No. 17-9). Petitioner did not appeal.

Petitioner filed a post-conviction habeas corpus petition and a motion for appointment of counsel in the state district court. Exh. 17 (ECF No. 17-16), Exh. 18 (ECF No. 17-17). The state district court appointed counsel and directed a response.

Exh. 19 (ECF No. 17-18). The respondents filed an answer. Exh. 20 (ECF No. 17-19). The state district court denied the petition. Exh. 21 (ECF No. 17-20). Petitioner filed a proper-person notice of appeal. Exh. 23 (ECF No. 17-22). The Nevada Supreme Court affirmed. Exh. 26 (ECF No. 17-25).

Petitioner then commenced this action. The Court appointed counsel, who filed the amended petition (ECF No. 16).

Respondents argue that all three grounds of the amended petition are not exhausted. Before a federal court may consider a petition for a writ of habeas corpus, the petitioner must exhaust the remedies available in state court. 28 U.S.C. § 2254(b). To exhaust a ground for relief, a petitioner must fairly present that ground to the state's highest court, describing the operative facts and legal theory, and give that court the opportunity to address and resolve the ground. *See Duncan v. Henry*, 513 U.S. 364, 365 (1995) (*per curiam*); *Anderson v. Harless*, 459 U.S. 4, 6 (1982).

Ground 1 is a claim that petitioner did not enter his plea of guilty knowingly and voluntarily. Petitioner acknowledges that he did not present this claim to the state courts. Ground 1 is unexhausted.[1]

Ground 2 is a claim that counsel provided ineffective assistance because counsel failed to file a direct appeal. Petitioner raised the same claim in his state habeas corpus petition. The Nevada Supreme Court denied the claim on the merits. Exh. 26, at 2-3 (ECF No. 17-25, at 3-4). The additional facts that petitioner now presents in the amended petition do not fundamentally alter the claim. Ground 2 is exhausted.

Ground 3 is a claim that counsel provided ineffective assistance because counsel did not investigate petitioner's mental state and his mental history before advising petitioner to plead guilty. Petitioner alleges that he is mentally retarded and himself a victim of sexual abuse. He further alleges that he could not have understood that his actions were against the victim's will, which is an element of the crime of sexual assault.

---

[1] The Court will address petitioner's arguments for technical exhaustion because of procedural default below.

Petitioner argues that if counsel had investigated petitioner's history, then petitioner would have rejected the offered plea agreement and insisted on a trial. Petitioner raised the same claim in his state habeas corpus petition. The Nevada Supreme Court denied the claim on the merits. Exh. 26, at 2 (ECF No. 17-25, at 3). The additional facts that petitioner now presents in the amended petition do not fundamentally alter the claim. Ground 3 is exhausted.

Petitioner argues that the Court should consider ground 1 technically exhausted and procedurally defaulted. Petitioner explains that if he returned to the state courts to exhaust the ground, then the state courts would apply Nevada's one-year statute of limitation, Nev. Rev. Stat. § 34.726(1), and Nevada's bar on successive petitions, Nev. Rev. Stat. § 34.810, to dismiss the post-conviction habeas corpus petition. Normally the Court does not accept this argument because the state courts can excuse those procedural bars upon a showing of cause and prejudice or a miscarriage of justice. With one exception, Nevada's standards for cause and prejudice or a miscarriage of justice are virtually identical to the federal standards. Petitioner stands on that exception. His sole argument for cause and prejudice is based upon *Martinez v. Ryan*, 132 S. Ct. 1309 (2012), which held:

> [W]hen a State requires a prisoner to raise an ineffective-assistance-of-trial-counsel claim in a collateral proceeding, a prisoner may establish cause for a default of an ineffective-assistance claim in two circumstances. The first is where the state courts did not appoint counsel in the initial-review collateral proceeding for a claim of ineffective assistance at trial. The second is where appointed counsel in the initial-review collateral proceeding, where the claim should have been raised, was ineffective under the standards of *Strickland v. Washington*, 466 U.S. 668 (1984). To overcome the default, a prisoner must also demonstrate that the underlying ineffective-assistance-of-trial-counsel claim is a substantial one, which is to say that the prisoner must demonstrate that the claim has some merit. Cf. *Miller–El v. Cockrell*, 537 U.S. 322 (2003) (describing standards for certificates of appealability to issue).

*Id*. at 1318-19. The Court later held that *Martinez* applies to procedurally defaulted claims of ineffective assistance of trial counsel in states that technically allow a person to raise an ineffective assistance claim on direct appeal but actually provide no meaningful opportunity to develop the claim. *Trevino v. Thaler*, 133 S. Ct. 1911, 1921

3

(2013). The court of appeals has held that *Martinez* applies to procedurally defaulted claims of ineffective assistance of direct-appeal counsel. *Ha Van Nguyen v. Curry*, 736 F.3d 1287 (9th Cir. 2013). Nevada generally requires a person to raise claims of ineffective assistance of counsel in state court through a post-conviction habeas corpus petition, unless the state district court had developed the facts of the claim before the filing of the direct appeal. *Gibbons v. State*, 634 P.2d 1214 (Nev. 1981). The Nevada Supreme Court has declined to follow *Martinez*, and it does not allow ineffective assistance of post-conviction counsel to be cause to excuse the procedural bars of § 34.726 and § 34.810. *Brown v. McDaniel*, 331 P.3d 867, 870-75 (Nev. 2014).

      Petitioner's argument based upon *Martinez* is unpersuasive for two reasons. First, ground 1 is not a claim of ineffective assistance of counsel. Ground 1 is a claim that petitioner's guilty plea was not knowing and voluntary. This is not simply a matter of petitioner using the wrong nomenclature. Some of the allegations in ground 1 are claims that trial counsel failed to investigate the case, to investigate petitioner's own mental capabilities, and to ensure that petitioner understood the plea. If these were the only allegations in ground 1, then perhaps the Court could construe ground 1 as a claim of ineffective assistance of counsel. The Supreme Court has held that when a claim of an involuntary and unknowing guilty plea is based upon ineffective assistance of counsel, the standard of *Strickland v. Washington* applies. *Hill v. Lockhart*, 474 U.S. 52, 58-59 (1985). However, petitioner also alleges that the trial court accepted the plea and sentenced petitioner even though petitioner's statements in both hearings indicated that petitioner did not understand the consequences of his plea, such as asking for probation for an offense that is ineligible for probation, admitting his mental retardation, and asking for a mental evaluation. These are allegations that the trial court erred, not that counsel provided ineffective assistance. *Martinez, Trevino*, and *Ha Van Nguyen* are limited to claims of ineffective assistance of counsel. *See Hunton v. Sinclair*, 732 F.3d 1124 (9th Cir. 2013), *cert. denied*, 134 S. Ct. 1771 (2014). The Court will not dismantle ground 1 to find parts that fall within the *Martinez* rule.

Second, even if *Martinez* did apply to a claim of an involuntary and unknowing guilty plea, *Martinez* is still limited to those cases in which the first opportunity to raise such a claim is the initial-review collateral proceeding. Nevada does not require a claim of an involuntary and unknowing plea to be raised only in a post-conviction habeas corpus petition, nor does Nevada fail to provide a meaningful opportunity to raise such a claim before filing a post-conviction habeas corpus petition. A claim of an involuntary and unknowing plea may be raised in a pre-sentence motion to withdraw a guilty plea. Nev. Rev. Stat. § 176.165. If the reason for withdrawing the plea is ineffective assistance of counsel, then the trial court can appoint substitute counsel to avoid a conflict of interest. If the trial court denies the motion, then the denial can be an issue on direct appeal.

In summary, petitioner never presented the claim in ground 1 to the state courts. Petitioner admits that he has no arguments to present to the state courts to overcome the procedural bars of Nev. Rev. Stat. §§ 34.726(1) and 34.810, which means that ground 1 is exhausted but procedurally defaulted. Petitioner's sole argument for cause and prejudice to excuse the procedural default, *Martinez*, is inapplicable to ground 1. The Court dismisses ground 1.

Petitioner's motion for evidentiary hearing (ECF No. 32) asks for such a hearing to determine whether post-conviction counsel was ineffective under *Martinez*. The Court's ruling that ground 1 does not fall within the scope of *Martinez* and that grounds 2 and 3 are exhausted makes an evidentiary hearing unnecessary.

It is therefore ordered that respondents' motion to dismiss (ECF No. 25) is granted in part. Ground 1 is dismissed with prejudice as procedurally defaulted.

It is further ordered that petitioner's motion for evidentiary hearing (ECF No. 32) is denied.

It is further ordered that respondents will have forty-five (45) days from the date of entry of this order to file and serve an answer, which must comply with Rule 5 of the

///

Rules Governing Section 2254 Cases in the United States District Courts. Petitioner will have forty-five (45) days from the date on which the answer is served to file a reply.

DATED THIS 28th day of July 2016.

_____
MIRANDA M. DU
UNITED STATES DISTRICT JUDGE