UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| JAMES DAVID McCLAIN,<br><br>                    Petitioner,<br>    v.<br><br>ROBERT LeGRAND, *et al.,*<br><br>                    Respondents. | Case No. 3:14-cv-00269-MMD-VPC<br><br>ORDER |

This represented habeas matter pursuant to 28 U.S.C. § 2254 is pending for a decision on the merits of the two remaining grounds in Petitioner James David McClain's amended petition.

Following review of the answer and reply, the Court is not necessarily persuaded on the argument and record presented: (a) that the Court can consider Exhibits 29 and 30 on the merits, due to *Cullen v. Pinholster,* 563 U.S. 170 (2011);[1] (b) that, even taking into account Exhibits 29 and 30 along with Exhibit 28 and habeas counsel's lay analysis

---

[1] The Court's prior holding that the new evidence does not fundamentally alter the claim for purposes of exhaustion does not necessarily lead to a conclusion that the evidence then can be considered on the merits under 28 U.S.C. § 2254(d)(1). The circumstance where a prior holding on the exhaustion issue potentially could have led to the new evidence properly being considered notwithstanding *Pinholster* would have been if the Court had held that the claim was *not* exhausted because the new factual allegations *did* fundamentally alter the claim or placed it in a significantly different and stronger evidentiary posture. In that circumstance, if the petitioner otherwise could overcome the procedural default hurdle, the new evidence then could be considered notwithstanding *Pinholster* because the claim then would be a new, unexhausted claim that had not been adjudicated on the merits by the state courts. *See Dickens v. Ryan*, 740 F.3d 1302, 1320 (9th Cir. 2014) (*en banc*).

of the DSM-5, McClain has tendered competent opinion evidence that would satisfy the requirements of Federal Rule of Evidence 702, and that would tend to establish that McClain lacked the mental capacity to know that the sexual assault victim was mentally or physically incapable of resisting or understanding the nature of his conduct;[2] and/or (c) that establishing the proposition referenced in (b) necessarily would have precluded the state from nonetheless establishing guilt based upon the victim's actual lack of consent under the disjunctive bases for culpability stated in NRS § 200.366.

The Court wishes to ensure, however, that this matter is decided both properly and upon an adequate record given in particular, *inter alia*: the indications in the record that do reflect that McClain is intellectually challenged to some degree; the rapidity with which the matter proceeded to a plea agreement in only a matter of days without any professional assessment of McClain's competence to proceed and to fully comprehend the plea proceedings;[3] the fact that McClain was sentenced following upon the plea to essentially life without parole; and the fact that McClain's state post-conviction counsel did literally nothing during that appointment.

Accordingly, the Court finds that oral argument would assist it in addressing the pending amended petition. The parties should be prepared to address the following issues:

///

///

---

[2] Exhibit 28 merely references the procedure for recouping an overpayment of McClain's SSI benefits without reflecting any agency findings regarding his disability, the supporting medical evidence, and/or a specific assessment of his residual functional intellectual capacity. Exhibit 29 establishes only that McClain was in a special education program for a learning disability before graduating from high school and that all associated records have been destroyed. Exhibit 30 does not constitute competent opinion evidence by a psychologist, psychiatrist, or other qualified health care provider tending to establish that McClain lacked the mental capacity to know that the sexual assault victim was mentally or physically incapable of resisting or understanding the nature of his conduct. Counsel's lay DSM-5 analysis, *inter alia*, is not competent evidence.

[3] *See* ECF No. 16 at 3–4 (outlining procedural history). *Cf. Atkins v. Virginia*, 536 U.S. 304, 318 (2002) (mental retardation does not necessarily establish a lack of competence).

1) If the Court were to reconsider its prior denial of McClain's motion for an evidentiary hearing, what specific competent opinion evidence would McClain present, over and above the evidence previously tendered, bearing on his mental capacity to know that the sexual assault victim was mentally or physically incapable of resisting or understanding the nature of his conduct and/or possibly on his competence to understand and enter a plea;

2) Whether any such evidence would raise exhaustion issues by fundamentally altering or significantly strengthening existing claims and/or supporting other claims of ineffective assistance of trial counsel, such as for failure to seek a pre-plea competency evaluation, for failure to file a pre-sentence motion to withdraw plea, and/or for failure to present related evidence in mitigation at sentencing;

3) Whether any such fundamentally altered, significantly strengthened and/or, in particular, other claims would relate back to timely filed claims herein or otherwise be timely;

4) Whether any such altered, strengthened and/or other claims would be technically exhausted due to procedural default but with the procedural default then being subject to *Martinez v. Ryan*, 566 U.S. 1 (2012), given the complete absence of representation by state post-conviction counsel; and

5) Any related argument by the parties.

The Court further finds that pre-hearing briefs addressing these issues will assist the Court. Accordingly, the parties are directed to file a pre-hearing brief up to 15 pages in length. McClain has 15 days from the date of this Order to file his pre-hearing brief. Respondents will have 14 days from the filing of McClain's brief to file their pre-hearing brief. The Court will issue a separate minute order scheduling the hearing.

DATED THIS 31st day of July 2018.

_____
MIRANDA M. DU
UNITED STATES DISTRICT JUDGE