# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

* * *

| | |
|---|---|
| JAMES DAVID McCLAIN,<br><br>Petitioner,<br>v.<br><br>ROBERT LeGRAND, *et al.,*<br><br>Respondents. | Case No. 3:14-cv-00269-MMD-CBC<br><br>ORDER |

Following upon the hearing held on September 11, 2018, regarding this habeas action brought by Petitioner James David McClain, the Court will grant McClain's requests in the prehearing briefing and during oral argument for leave to amend to file a second amended petition.

Under Federal Rule of Civil Procedure 15(a)(2), federal courts are instructed to "freely give leave [to amend] when justice so requires." A district court, however, may in its discretion deny leave to amend "due to 'undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [and] futility of amendment.'" *Leadsinger, Inc. v. BMG Music Publishing*, 512 F.3d 522, 532 (9th Cir.2008) (quoting *Foman v. Davis*, 371 U.S. 178, 182 (1962)).

In the present case, it does not appear that amendment necessarily would be futile. There may well be contested procedural issues regarding, *inter alia,* exhaustion, procedural default, relation back, and the availability of an evidentiary hearing on the

merits should McClain overcome the procedural defenses. However, the fact that these issues are subject to debate at this point leads to a conclusion that futility of amendment is not established on the present record. The Court expresses no definitive opinion as to the ultimate resolution of any such procedural issues, which remain subject to further briefing on, *inter alia*, a likely motion to dismiss.[1]

The record further does not reflect bad faith or dilatory motive on McClain's part. As is generally the case with noncapital petitioners, there is no indication in the record that McClain has sought any objective other than his release from custody as expeditiously as possible. *Cf. Lawrence v. Florida*, 549 U.S. 327, 344 & n.9 (2007) (Ginsburg, J., dissenting) ("Most prisoners want to be released from custody as soon as possible, not to prolong their incarceration. They are therefore interested in the expeditious resolution of their claims . . . Though capital petitioners may be aided by delay, they are a small minority of all petitioners."); *Valdovinos v. McGrath*, 598 F.3d 568, 574 (9th Cir.2010), *vacated for reconsideration on other grounds*, 562 U.S. 1196 (2011) (petitioner "had not engaged in dilatory tactics and he had no motivation for delay, as he is not a capital defendant").

Nor does the record in this case present a situation where a party has been given multiple opportunities to correct deficiencies by amendment but has been unable to do so.

It further does not appear that Respondents would be subjected to undue prejudice by the amendment. The State of Nevada undeniably also has a substantial interest in the expeditious resolution of habeas matters seeking to call the validity of a state criminal

---

[1]With particular regard to an evidentiary hearing, the Court likely will not make a definitive determination on that issue unless and until the matter again is postured for decision on an answer and reply. If this action reaches that point, it is conceivable that an answer and reply potentially might be directed to overlapping issues as to the merits and cause and prejudice under *Martinez v. Ryan*, 566 U.S. 1 (2012). The scheduling provisions at the end of this order provide McClain an opportunity to file a renewed motion for an evidentiary hearing contemporaneously with the reply. The Court will take up issues as to the availability of an evidentiary hearing with respect to both the merits and any *Martinez* issues after issue has been fully joined on such a motion.

conviction into question. The Court does not find that undue prejudice will be sustained, over and above the prejudice always inhering in a continued challenge to a criminal conviction, particularly given the remaining considerations discussed herein.

Finally, while there has been substantial delay with only limited justification, the Court does not find that this factor should be given determinative weight in the present case. In the final analysis, the Court finds that "justice so requires" grant of leave to amend so that it can be assured that the matter can be decided both properly and upon an adequate record given the factors outlined in the prehearing order. (*See* ECF No. 56 at 2.) Grant of leave to amend to further seek to present and substantiate McClain's claims is warranted given, *inter alia*, the rapidity with which the intellectually challenged defendant became subject to judgment on an effectively life sentence without parole without any professional assessment of his mental capacity and without any meaningful representation thereafter by appointed state post-conviction counsel. The Court expresses no opinion as to the appropriate ultimate resolution of any claim asserted or to be asserted by McClain herein. Given the brevity of the prior proceedings, however, it would not be in the interests of justice for this Court to deny leave to amend and to itself proceed with alacrity to judgment without first considering the allegations made and the claims and issues raised by the amended pleading.

It is therefore ordered that McClain will have thirty (30) days from entry of this order within which to file a second amended petition.

It is further ordered that Respondents will have thirty (30) days from service of the amended pleading within which to respond, including by motion to dismiss. All procedural defenses will be raised by such a single motion to dismiss, without either serial presentation of procedural defenses in successive motions to dismiss or presentation of procedural defenses together with the merits in an answer.

It is further ordered that McClain will have thirty (30) days from service of an answer to file a reply along with a separate motion for an evidentiary hearing, without embedding the hearing request within the reply.

3

It is further ordered that Local Rule LR 7-2 otherwise will govern the response times to any motions filed, including a motion to dismiss.

McClain's motions to file supplemental exhibits and to seal (ECF Nos. 62, 64) remain pending at this time, as the briefing cycle under the local rule has not concluded at this point.

DATED THIS 14th day of September 2018.

_____
MIRANDA M. DU
UNITED STATES DISTRICT JUDGE