UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| JAMES DAVID McCLAIN,<br><br>                Petitioner,<br>v.<br><br>ROBERT LeGRAND, *et al.*,<br><br>                Respondents. | Case No. 3:14-cv-00269-MMD-CBC<br><br>ORDER |

This represented habeas matter under 28 U.S.C. § 2254 comes before the Court on Respondents' motion to dismiss. (ECF No. 75.)

**I.    INTRODUCTION**

Petitioner James David McClain seeks to set aside his 2012 Nevada state conviction, pursuant to a guilty plea, of two counts of sexual assault of a child under 14 years of age. He is sentenced to two consecutive sentences of life with eligibility for parole after 35 years on each such consecutive sentence. Respondents seek the dismissal of the claims in the second amended petition as, *inter alia*, untimely and unexhausted.

**II.    DISCUSSION**

    **A.  Timeliness and Relation Back**

Respondents contend that all five grounds in the second amended petition (ECF No. 69) do not relate back to timely claims in the original petition (ECF No. 5) and therefore are untimely.

A claim in an amended petition that is filed after the expiration of the limitation period will be timely only if the claim relates back to a timely-filed claim pursuant to Rule 15(c) of the Federal Rules of Civil Procedure, on the basis that the claim arises out of "the same conduct, transaction or occurrence" as the timely claim. *Mayle v. Felix*, 545 U.S.

644 (2005). In *Felix*, the Supreme Court held that habeas claims in an amended petition do not arise out of "the same conduct, transaction or occurrence" as prior timely claims merely because the claims all challenge the same trial, conviction or sentence. *Id.* at 655-64. Rather, under the construction of the rule approved in *Felix*, Rule 15(c) permits relation back of habeas claims asserted in an amended petition "only when the claims added by amendment arise from the same core facts as the timely filed claims, and not when the new claims depend upon events separate in 'both time and type' from the originally raised episodes." *Id.* at 657. In this regard, the reviewing court looks to "the existence of a common 'core of operative facts' uniting the original and newly asserted claims." A claim that merely adds "a new legal theory tied to the same operative facts as those initially alleged" will relate back and be timely. *Id.* at 659, 659 n.5.[1]

The five grounds in the second amended petition are to an extent interrelated and thus to an extent can be discussed together regarding relation back.

In amended Ground I, McClain alleges that he was denied effective assistance of counsel when trial counsel failed to investigate his mental status and mental health history, including his borderline intellectual disability and history as a child sexual assault victim. He alleges, *inter alia*, that: (a) had counsel investigated his mental status and mental health history, counsel would not have advised him to plead guilty and he would not have pled guilty; and (b) such investigation would have revealed that the State could

///

---

[1] Respondents suggest that there is an irreconcilable conflict in Ninth Circuit precedent regarding the governing standard under *Felix*. Respondents refer to *Schneider v. McDaniel*, 674 F.3d 1144 (9th Cir. 2012), and *Ha Van Nguyen v. Curry*, 736 F.3d 1287 (9th Cir. 2013), *abrogated on other grounds by Davila v. Davis*, 137 S. Ct. 2058 (2017). Respondents maintain that *Schneider* employs a proper "common core of *operative* facts" standard whereas *Ha Van Nguyen* instead requires "merely" a "common core of facts." (ECF No. 81 at 2 n.1.) There is no conflict between *Schneider* and *Ha Van Nguyen* on this basis. Term searches reflect that both decisions refer variously to both a "core of operative facts" and either a "core of facts" or "core facts," without drawing any apparent distinction. *See Ha Van Nguyen*, 736 F.3d at 1297; *Schneider*, 674 F.3d at 1150–52. Indeed, a term search through *Felix* reflects that the Supreme Court also referred without apparent distinction to both a "core of operative facts" and "core facts." *See Felix*, 545 U.S. at 657, 659, 664. Parsing these variances in phraseology provides no basis for the suggested certification for an interlocutory appeal for *en banc* review.

not prove all of the required elements of the sexual assault charges because McClain was incapable of understanding that the victim was mentally or physically incapable of resisting or understanding the nature of the conduct. (ECF No. 69 at 7–10.)

In amended Ground II, McClain alleges that he was denied effective assistance when trial counsel failed to file a presentence motion to withdraw his guilty plea based upon his not being able to understand the consequences of his plea. (*Id.* at 10–11.)

In amended Ground III, McClain alleges that he was denied effective assistance when trial counsel failed to present mitigation evidence at sentencing based upon the extreme poverty in which McClain grew up, his being raped as a minor and not receiving therapy, and his lifelong intellectual disability. (*Id.* at 11–13.)

In amended Ground IV, McClain alleges that he was denied effective assistance because trial counsel failed to investigate his intellectual disability and mental status, which led to him entering a guilty plea that was not knowing and voluntary because he did not understand the nature of the plea and its consequences. (*Id.* at 13–15.)

In amended Ground V, McClain alleges that he was denied effective assistance because trial counsel failed to advise him that he could file a direct appeal. He alleges that on appeal counsel could have challenged: (a) the voluntariness of his plea given his limited mental capacity and confusion about the consequences of the plea, referencing Grounds I, II and IV; and (b) the trial court's refusal to order a psychological examination requested by the defense at sentencing. (*Id.* at 15–16.)

The Court is persuaded that amended Grounds I through IV relate back to McClain's *pro se* allegations in original Ground 1.

McClain alleged in original Ground 1, *inter alia*, that: (a) he is of below average intelligence and mildly retarded; (b) trial counsel was ineffective for failing to investigate his mental status and mental history during the commission of the crime through a psychological/mental evaluation; (c) because of the lack of diligence of his counsel in not conducting a background history investigation, he did not knowingly, willingly or voluntarily enter into a plea, as he did not knowingly understand or voluntarily plead due

3

to [lack of]² competence; (d) he was prejudiced by his counsel not moving to have him evaluated and not investigating his special education schooling; and (e) he would have received a lesser sentence/lesser charge due to mitigating circumstances or would have proceeded to trial. (ECF No. 5 at 3.)

The Court is persuaded in particular that the claims in amended Grounds I through IV and original Ground 1 are united by a common core of operative facts wherein trial counsel: (a) failed to investigate McClain's mental status and mental health history; and thereafter (b) failed to provide competent advice and/or seek appropriate relief following upon that lack of investigation, including failing to request a psychological evaluation, failing to properly advise McClain with regard to his plea, failing to challenge his plea, failing to challenge the commission of the crime based on his mental status and history, and failing to present mitigation evidence at sentencing. The Court is not persuaded that the additional factual specifics alleged within Grounds I through IV respectively prevent the claims from relating back. Nor is the Court persuaded that McClain's reliance upon a 2018 psychological evaluation—regarding his mental status and mental health history at the pertinent times—to prove his claims prevents the claims from relating back to the claims alleged in original Ground 1. The salient point is that the amended and original claims are united by a common core of operative facts. The assertion of further factual specifics in addition to the common core of operative facts and/or the presentation of newly developed evidence seeking to prove, *inter alia*, that common core of operative facts does not prevent relation back. *See, e.g.*, *Valdovinos v. McGrath*, 598 F.3d 568, 574–76 (9th Cir. 2010), *judgment vacated on other grounds for reconsideration*, 562 U.S. 1196 (2011), *prior relevant holding adhered to in unpublished decision*, 2011 WL 996660, 423 F. App'x. 720, 722 (9th Cir. Mar. 22, 2011) (amendment related back that added new evidence supporting *Brady* and ineffective-assistance claims that arose from the same core of operative facts as claims in original petition).

---

²The Court must read the *pro se* pleading liberally, including when prepared by another lay inmate. McClain obviously was not challenging the voluntariness of his plea based upon his being competent but rather based upon his *lack of* competence.

Grounds I through IV therefore relate back and are timely.

The Court also is persuaded that amended Ground V relates back to Ground 2 in the original petition.

In original Ground 2, McClain alleged that he was denied effective assistance because trial counsel failed to advise him that he could file a direct appeal and failed to file an appeal on his behalf. He alleged, *inter alia*, that: (a) he was of diminished mental capacity, including being ADHD and mildly retarded; (b) his counsel was deficient in failing to explain to him that even though he had entered a plea, he still could pursue a direct appeal; and (c) he did wish to appeal his unknowing and involuntary plea, to no avail. (ECF No. 5 at 5.)

These allegations in original Ground 2 clearly are united by a common core of operative facts with the allegations in Ground V, *inter alia*, alleging that: (a) McClain was denied effective assistance because counsel failed to advise him that he could file a direct appeal; and (b) counsel could have challenged the voluntariness of his plea given his limited mental capacity and related confusion regarding the plea. Neither the addition of related factual allegations—such as the allegation that counsel could have challenged also the failure to order a psychological evaluation—nor the reference to additional evidence supporting the common core of operative facts alleged in the original and amending pleadings prevents relation back. *See, e.g.*, *Valdovinos, supra.*[3]

Ground V therefore also relates back and is timely, such that all grounds presented in the second amended petition are timely.

///

///

///

///

---

[3]The Court's relation-back holding as to Ground V is not to any extent based upon McClain's attachment of the state supreme court's order of affirmance to his original petition. *See Ross v. Williams*, 896 F.3d 958, 963–73 (9th Cir. 2018) (mere attachment of a state court order to a pleading does not result in the order being incorporated into the pleading).

5

**B. Exhaustion**

McClain acknowledges that Grounds I through IV are not actually exhausted, but he contends that the grounds are technically exhausted because they would be procedurally barred if pursued in the state courts. Respondents contend that Ground V also is not actually exhausted because the ground incorporates Grounds I, II and IV and thus now relies upon new evidence not presented to the state courts, including the 2018 psychological evaluation.

Under 28 U.S.C. § 2254(b)(1)(A), a habeas petitioner first must exhaust state court remedies on a claim before presenting that claim to the federal courts. To satisfy this exhaustion requirement, the claim must have been fairly presented to the state courts completely through to the highest state court level of review available. *See e.g., Peterson v. Lampert*, 319 F.3d 1153, 1156 (9th Cir. 2003) (*en banc*); *Vang v. Nevada*, 329 F.3d 1069, 1075 (9th Cir. 2003). In the state courts, the petitioner must refer to the specific federal constitutional guarantee upon which he relies and must also state the facts that entitle him to relief on that federal claim. *See e.g., Shumway v. Payne*, 223 F.3d 983, 987 (9th Cir. 2000). That is, fair presentation requires that the petitioner present the state courts with both the operative facts and the federal legal theory upon which the claim is based. *See e.g., Castillo v. McFadden*, 399 F.3d 993, 999 (9th Cir. 2005). The exhaustion requirement insures that the state courts, as a matter of federal-state comity, will have the first opportunity to pass upon and correct alleged violations of federal constitutional guarantees. *See, e.g., Coleman v. Thompson*, 501 U.S. 722, 731 (1991).

Under *Rose v. Lundy*, 455 U.S. 509 (1982), and following cases, a petition presenting unexhausted claims in whole or in part must be dismissed unless the petitioner dismisses the unexhausted claims and/or seeks other appropriate relief, such as a stay to return to the state courts to exhaust the claims.

///
///
///

## 1. Actual Exhaustion as to Ground V

The related claim that McClain presented in his *pro se* state petition was extremely sparse as to any supporting factual specifics. (*See* ECF No. 17-16 at 4, 7, 18–19.) Appointed post-conviction counsel filed nothing, and therefore only McClain's exceedingly minimal *pro se* allegations were before the state supreme court on the post-conviction appeal.

The state supreme court clearly considered on the merits a claim that trial counsel "was ineffective for failing to tell appellant that he could appeal his conviction and for failing to file an appeal." (ECF No. 17-25 at 3.) However, the court rejected the claim because McClain's sparse *pro se* allegations failed to present any supporting facts:

> Second, appellant claimed counsel Ms. Emm–Smith was ineffective for failing to tell appellant that he could appeal his conviction and for failing to file an appeal. *Appellant's bare claim* failed to demonstrate deficiency or prejudice. *See Hargrove*, 100 Nev. at 502–03, 686 P.2d at 225. Appellant was informed in his guilty plea memorandum—which he acknowledged [sic] that he had read, understood, and signed—of his limited right to appeal his conviction, and *he did not allege that he expressed dissatisfaction with his conviction or that he requested a direct appeal be filed, nor did he identify any circumstances under which counsel would have been obligated to advise him of the right to appeal. See Toston v. State*, 127 Nev. —, —, 267 P.3d 795, 799–800 (2011). His claim that counsel should have appealed the sentencing court's denial of an oral request for a mental evaluation *was likewise bare, and he failed to allege any facts that would have warranted such an evaluation*. We therefore conclude that the district court did not err in denying this claim.

(ECF No. 17-25 at 3–4 (emphasis added).)

In contrast to the scant supporting allegations before the state supreme court, amended Ground V includes detailed factual allegations seeking to establish that counsel had a duty to consult with McClain regarding an appeal. Amended Ground V alleges, *inter alia*, that: (a) McClain's questions and conduct suggested that he wanted to appeal his conviction and sentence, given that: (i) McClain told the court that he was "mild mental retarded" and wanted a mental evaluation before he was sentenced; (ii) consistent with this request, he had made entreaties before sentencing promising that he would go to counseling therapy if given probation; and (iii) as counsel knew, McClain received an

7

extensive sentence on the two charges in a circumstance where he—mistakenly—believed that he was eligible for probation. Ground V alleges that trial counsel could have appealed the voluntariness of the plea, "given his limited mental capacity and obvious confusion about the consequences of the plea," expressly referencing the extensive factual allegations supporting Grounds I, II and IV in the second amended petition. (ECF No. 69 at 15–16.)

An otherwise exhausted claim will not have been fairly presented to the state courts if new allegations presented in federal court either fundamentally alter the claim already considered by the state courts or place the claim in a significantly different and stronger evidentiary posture than when the state courts considered the claim. *See, e.g.*, *Dickens v. Ryan*, 740 F.3d 1302, 1318–19 (9th Cir. 2014) (*en banc*). The extensive factual allegations in amended Ground V, including those incorporated from Grounds I, II and IV, present the claim in a significantly different and stronger evidentiary posture than the exceedingly bare claim presented on state post-conviction review. The analysis of this type of claim under *Roe v. Flores-Ortega*, 528 U.S. 470 (2000), requires consideration of "all the information counsel knew or should have known." *Id.* at 480.[4] The sparse

---

[4]The quoted language is from the following passage in *Flores-Ortega*:

> We . . . reject a bright-line rule that counsel must always consult with the defendant regarding an appeal.
>
> We instead hold that counsel has a constitutionally imposed duty to consult with the defendant about an appeal when there is reason to think either (1) that a rational defendant would want to appeal (for example, because there are nonfrivolous grounds for appeal), or (2) that this particular defendant reasonably demonstrated to counsel that he was interested in appealing. In making this determination, courts must take into account all the information counsel knew or should have known. [The Court then cites to earlier Supreme Court authority focusing on the totality of the circumstances.] Although not determinative, a highly relevant factor in this inquiry will be whether the conviction follows a trial or a guilty plea, both because a guilty plea reduces the scope of potentially appealable issues and because such a plea may indicate that the defendant seeks an end to judicial proceedings. Even in cases when the defendant pleads guilty, the court must consider such factors as whether the defendant received the sentence bargained for as part of the plea and whether the plea expressly

8

1 allegations of the *pro se* state court claim alleged virtually nothing as to what counsel either knew or should have known that would have given rise to a duty to consult regarding an appeal. Amended Ground V in contrast presents extensive allegations seeking to establish the information that counsel knew, or should have known, that allegedly gave rise to a duty to consult. The federal court claim obviously is in a significantly different and stronger evidentiary posture than the sparse state court claim.

The Court therefore holds that amended Ground V is unexhausted.[5]

## 2. Technical Exhaustion

McClain contends that the unexhausted claims are technically exhausted because they would be procedurally barred by the Nevada state courts. McClain—in the main—contends that he then can overcome the procedural default of the claims, which all are

///

> reserved or waived some or all appeal rights. Only by considering all relevant factors in a given case can a court properly determine whether a rational defendant would have desired an appeal or that the particular defendant sufficiently demonstrated to counsel an interest in an appeal.
>
> . . . . We expect that courts evaluating the reasonableness of counsel's performance using the inquiry we have described will find, in the vast majority of cases, that counsel had a duty to consult with the defendant about an appeal. We differ from Justice Souter only in that we refuse to make this determination as a *per se* (or "almost" *per se*) matter.

*Id.* at 480–81.

[5]While this holding leads to a conclusion that the entirety of the second amended petition is actually unexhausted, that does not require an immediate dismissal of the matter for a complete lack of exhaustion. First, the Court must consider whether the otherwise unexhausted claims are technically exhausted by procedural default. Second, even if none of the actually unexhausted claims are technically exhausted, such that the entire amended pleading is unexhausted, McClain nonetheless still can move for a stay as an alternative to dismissal. *See Mena v. Long*, 813 F.3d 907 (9th Cir. 2016). In this regard, Respondents state that they would not object to this Court entering a stay for exhaustion, although they make no representation as to (a) whether the state courts would consider the claims on the merits or instead find them procedurally barred, or (b) whether McClain can satisfy the requirements for a stay in *Rhines v. Weber*, 544 U.S. 269 (2005). (ECF No. 81 at 5 n.3.) The Court additionally notes that a holding that amended Ground V instead was exhausted would have resulted in federal court review of the claim being restricted to the sparse record presented on state post-conviction review. *See Cullen v. Pinholster*, 563 U.S. 170 (2011).

9

ineffective-assistance claims, under the rule in *Martinez v. Ryan*, 566 U.S. 1 (2012), based upon ineffective assistance of state post-conviction counsel.

In response to an argument by Respondents, McClain declines, however, to rule out the existence of other possible bases for overcoming the procedural default, including in particular based upon a possible showing of actual innocence. McClain maintains, *inter alia*, that there is no case authority requiring him to acknowledge that there are no possible bases for overcoming the procedural default other than *Martinez*. He further maintains that "he cannot be precluded from bringing an actual innocence claim simply because he previously overcame the procedural default of ineffective assistance of counsel claims under *Martinez*." (ECF No. 78 at 15–16.)

The Court has previously addressed the circumstances in which an ineffective-assistance claim is technically exhausted by procedural default within the context of the Nevada state rules for overcoming a state procedural bar. With one significant exception, the Nevada state courts apply substantially the same standards as do the federal courts in determining whether a petitioner can overcome a state procedural bar. That exception of course is the rule in *Martinez*, which the state courts do not recognize as a basis for overcoming a state procedural bar. If the only possible basis for overcoming a procedural default of a claim is under *Martinez*, then the claim is technically exhausted by procedural default, subject to the petitioner seeking to overcome the procedural default in federal court under *Martinez*. However, if the petitioner also has other possible bases for overcoming a procedural default of the claim based on criteria that are substantially the same in both federal court and Nevada state court, then the claim is not technically exhausted. In that circumstance, the petitioner will not have established that the claim necessarily will be procedurally barred by the state courts. The same non-*Martinez* argument that he would be making to overcome the procedural default in federal court would be equally available in the state courts. *See Rodriguez v. Filson*, Case No. 3:15-cv-00339-MMD-WGC, 2017 WL 6762466, at **4–6 (D. Nev. Dec. 29, 2017) (discussing the relationship between exhaustion, procedural default, and *Martinez* in federal habeas

cases arising out of Nevada); *Myers v. Filson*, Case No. 3:14-cv-00082-MMD-CBC, 2017 WL 5559954, at **2–4 (D. Nev. Nov. 17, 2017) (prior discussion with analysis of controlling case authority).[6]

The Nevada state courts recognize, *inter alia*, actual innocence as a basis for overcoming state procedural bars to the same extent as this exception to the procedural default doctrine is recognized in federal court and under the exact same standards. *See, e.g.*, *Berry v. State*, 363 P.3d 1148, 1154–58 (Nev. 2015).

In this case, McClain has presented extensive allegations, expert evidence and argument seeking to challenge his culpability for the offenses. He contends that the State could not prove all of the elements of sexual assault due to his mental status and mental health history. (*See, e.g.*, ECF No. 69 at 8–10; ECF No. 72-1 at 11–14 (sealed exhibit).)

McClain further has equivocated, as discussed above, when directly challenged by Respondents as to whether he has other possible bases to overcome state procedural bars in the Nevada state courts. He has been equivocal specifically regarding actual innocence, against the backdrop of the foregoing allegations, evidence and argument maintaining that the State could not prove all of the required elements of sexual assault.

On the record, allegations and equivocal argument presented, none of the grounds in the second amended petition are technically exhausted by procedural default. The record and argument presented does not reflect that "it is clear that the state court would *hold* the claim[s] procedurally barred." *Sandgathe v. Maass*, 314 F.3d 371, 376 (9th Cir. 2002) (emphasis added; prior case citations and quotation marks omitted); *see also Myers*, *supra* at *3.

The now wholly unexhausted action therefore must be dismissed without prejudice unless McClain either: (a) obtains a stay to exhaust the unexhausted claims;[7] or (b) unequivocally stipulates that, based on the allegations currently presented in the second

---

[6]*Accord Jones v. McDaniel*, 2009 WL 890915 (9th Cir. Apr. 2, 2009) (unpublished) (the petitioner had not established futility of exhaustion, given the substantial similarity of Nevada state and federal standards to overcome a procedural bar).

[7]*See supra* note 5.

amended petition, his only possible basis to overcome the procedural default of his claims is based upon the rule in *Martinez*. Any such stipulation—to in truth be unequivocal and establish technical exhaustion in fact—must have the specificity outlined in this Court's prior caselaw, subject only to the qualification for a possible basis under *Martinez*. *See, e.g.*, *Bynoe v. Helling*, Case No. 3:07-cv-00009-LRH-VPC, 2009 WL 1351096, at *1 (D. Nev. May 13, 2009).[8]

### III. CONCLUSION

It is therefore ordered that Respondents' motion to dismiss (ECF No. 75) is granted in part and denied in part, with the Court holding that all claims in the second amended petition (ECF No. 69) are unexhausted on the current arguments and record.

It is further ordered that this action will be dismissed without prejudice unless, within 30 days of entry of this order, McClain either: (a) seeks a stay and/or other appropriate relief; or (b) files an unequivocal stipulation as specified herein.

///

///

---

[8] McClain begs the question when he asserts that he cannot be precluded from bringing an actual innocence claim simply because he first might overcome the procedural default of ineffective assistance of counsel claims under *Martinez*. The issue at this point is technical exhaustion by procedural default. A petitioner cannot—at least successfully under the law discussed herein—argue that a claim is technically exhausted by procedural default while at the same time seeking to present or reserve arguments that inherently allow for the possibility that the state courts could consider the claim on the merits despite procedural bars. Nothing about pursuing a *Martinez* argument precludes either bringing an actual innocence claim or arguing actual innocence to overcome a procedural bar. However, given the congruity between Nevada state and federal standards, if a petitioner has a potential basis other than *Martinez* to overcome a potential procedural default, then the claim is not technically exhausted. A petitioner cannot "have it both ways" by arguing technical exhaustion while at the same time seeking to present or reserve argument in federal court that potentially could lead to the claim being considered on the merits in the state courts. Comity requires that the state courts be given the first opportunity to address a claim on the merits if merits review in the state courts remains a possibility under the petitioner's procedural-default arguments.

In short, McClain is not being told what he can or cannot claim or argue, now or in the future. He simply is encountering the effect of his arguments on the exhaustion issue. A claim is not technically exhausted if the petitioner's raised or reserved procedural-default arguments potentially could result in the claim being considered on the merits if the claim were fairly presented in state court.

Any extension requests based upon scheduling conflicts with other cases in this Court should be sought in the later-filed case, absent extraordinary circumstances.

DATED THIS 16th day of April 2019.

_____
MIRANDA M. DU
UNITED STATES DISTRICT JUDGE