UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| JAMES DAVID McCLAIN,<br><br>Petitioner,<br>v.<br><br>ROBERT LeGRAND, *et al.,*<br><br>Respondents. | Case No. 3:14-cv-00269-MMD-CBC<br><br>ORDER |

This represented habeas matter by Petitioner James David McClain ("Petitioner" or "McClain") under 28 U.S.C. § 2254 comes before the Court following upon the stipulation filed by McClain. (ECF No. 83.)

Following review of the stipulation, the Court holds that all claims in the second amended petition are technically exhausted because it has been established via the stipulation that the state courts would hold the claims procedurally barred. Any resulting procedural default of the claims under federal law remains subject, however, to McClain's arguments under *Martinez v. Ryan*, 566 U.S. 1 (2012), seeking to overcome the procedural default.[1]

It is therefore ordered that, within 30 days of entry of this order, Respondents will file an answer that addresses, as to each claim and under a *de novo* standard of review, both: (a) the procedural default issue as to the claims and in particular the application of

---

[1] The Court does not construe either the stipulation or it prior orders as precluding McClain from ever seeking in the future to establish actual innocence based upon currently unknown evidence. The stipulation instead establishes that McClain has no capability based on currently known evidence to satisfy the standard in *Schlup v. Delo*, 513 U.S. 298 (1995). If, however, evidence potentially satisfying *Schlup* were to become available during the pendency of these proceedings, the matter of the technical exhaustion of the claims potentially would be subject to being revisited.

*Martinez* to the procedural default issue; and (b) the merits in the alternative. Petitioner will have 30 days from service of the answer within which to file a reply. The parties further must address within their filings whether an evidentiary hearing is warranted and available in the case.

The Court is endeavoring to posture this matter for resolution prior to September 30, 2019, to the extent possible. Requests for extension of time therefore are discouraged; and any extension requests based upon scheduling conflicts with other cases in this Court should be sought in the later-filed case, absent extraordinary circumstances.[2]

DATED THIS 7th day of June 2019.

_____
MIRANDA M. DU
UNITED STATES DISTRICT JUDGE

---

[2] This order resolves the stipulation (ECF No. 83) as a matter reflected by CM/ECF to be pending under submission. Nothing further remains for decision with regard to the stipulation.