UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| JAMES DAVID McCLAIN, | Case No. 3:14-cv-00269-MMD-CBC |
| Petitioner, | ORDER |
| v. | |
| ROBERT LeGRAND, *et al.,* | |
| Respondents. | |

This represented habeas matter by Petitioner James David McClain ("Petitioner or "McClain") under 28 U.S.C. § 2254 is pending before the Court on, *inter alia*, McClain's motion for an evidentiary hearing. (ECF No. 90.)

## I.    BACKGROUND

Petitioner James David McClain seeks to set aside his 2012 Nevada state conviction, pursuant to a guilty plea, of two counts of sexual assault of a child under 14 years of age. He is sentenced to two consecutive life sentences of life with eligibility for parole after 35 years on each such consecutive sentence. Petitioner moves for an evidentiary hearing so that he may, *inter alia*, seek to overcome the procedural default of the claims of ineffective assistance of trial counsel in his second amended petition. (*See* ECF Nos. 69, 84.)

## II.   DISCUSSION

With the exception of the rule in *Martinez v. Ryan*, 566 U.S. 1 (2012), the Nevada state courts recognize substantially the same bases for overcoming state procedural bars as the federal courts recognize to overcome a procedural default. The Court therefore has clearly stated both in this case and multiple prior cases that a claim will be technically exhausted by procedural default in habeas cases arising out of Nevada only if either: (a)

the petitioner has no potential grounds to overcome the procedural default, in which case the claim then will be dismissed with prejudice as procedurally defaulted; or (b) the petitioner relies exclusively on grounds to overcome the procedural default that the Nevada state courts do not recognize. (*See, e.g.,* ECF No. 82 at 10–12.)

In prior filings directed to the exhaustion issue, McClain relied solely on *Martinez* as a basis for overcoming a procedural default of his claims. The Court therefore held that his claims were technically exhausted by procedural default, subject to his ability to seek to overcome the procedural default under *Martinez*.

In the reply, however, McClain clearly has asserted an additional basis for overcoming the procedural default, expressly in the alternative to *Martinez*:

> In the alternative, McClain requests this Court to find that his abandonment by post-conviction counsel serve as cause for overcoming the default. In *Maples* [*v. Thomas*, 565 U.S. 266 (2012)], the Supreme Court held that when an attorney abandons his client, "the principal-agent relationship is severed and the attorney's acts or omissions 'cannot fairly be attributed to the client.'" Therefore, the Court held a petitioner "has shown ample cause...to excuse the procedural default into which he was trapped when counsel of record abandoned him without a word of warning." This is exactly what happened in McClain's case. McClain never learned of post-conviction counsel's abandonment—he just learned his counsel never filed anything on his behalf.

(ECF No. 89 at 24 (citations omitted).)

The Nevada state courts recognize the rule in *Maples* as a potential basis for overcoming a procedural default, including in circumstances where the attorney allegedly took no action on a pending matter. *See, e.g.*, *Harris v. State*, 407 P.3d 348, 352 (Nev. Ct. App. 2017); *Dow v. State*, No. 70410-COA, 2019 WL 2454077, at *1 (Nev. Ct. App. June 11, 2019) (unpub.); *Guy v. State*, 406 P.3d 471 (Table), 2017 WL 5484322, at *2 (Nev. Nov. 14, 2017) (unpub.); *Guerrero v. State*, 399 P.3d 329 (Table), 2017 WL 2628213, at *1 (Nev. June 15, 2017) (unpub.).

McClain thus is seeking to overcome a procedural default in this Court on a basis that also is recognized by the Nevada state courts. He cannot do so and persuasively maintain at the same time that his claims necessarily would be procedurally barred if he

returned to the state courts. His claims therefore are neither technically exhausted nor necessarily procedurally defaulted at this point.[1]

McClain therefore must either show cause why this action should not be dismissed for lack of exhaustion and/or move for a stay. *See Mena v. Long*, 813 F.3d 907 (9th Cir. 2016) (availability of a stay on a wholly unexhausted petition).

It is therefore ordered that Petitioner has 30 days within which to show cause why the petition, as amended, should not be dismissed for lack of exhaustion and/or to file a motion for a stay. If Petitioner does neither timely, the matter will be dismissed for lack of exhaustion. And such dismissal will be without prejudice but will not preclude the application of the federal limitation period to a later-filed action.

It is further ordered that the parties respectively may file memoranda addressing any show-cause response filed and/or any motion filed per the usual time periods allowed for briefing a motion under the local rules. Petitioner's motion for an evidentiary hearing (ECF No. 90) will remain under submission in the meantime.

///

///

///

///

///

---

[1]McClain obliquely referenced *Maples* in the course of an argument under *Martinez* in his opposition to Respondents' motion to dismiss. (*See* ECF No. 78, at 15 & n.80.) If this had been regarded as presenting an argument also under *Maples*, the matter would have reached the current point then. As the Court stated previously:

> . . . . Comity requires that the state courts be given the first opportunity to address a claim on the merits if merits review in the state courts remains a possibility under the petitioner's procedural-default arguments.

> . . . McClain is not being told what he can or cannot claim or argue, now or in the future. He simply is encountering the effect of his arguments on the exhaustion issue. A claim is not technically exhausted if the petitioner's raised or reserved procedural-default arguments potentially could result in the claim being considered on the merits if the claim were fairly presented in state court.

(ECF No. 82 at 12 n. 8.)

It is further ordered that Respondents' motion for enlargement of time (ECF No. 87) is granted *nunc pro tunc* in connection with the answer (ECF No. 88) filed on July 23, 2019.

DATED THIS 30th day of September 2019.

_____
MIRANDA M. DU
CHIEF UNITED STATES DISTRICT JUDGE